**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE FIRST
INSTANCE COURT NO. 11 IN VIGO,
SPAIN

Case No: 5:25-mc-6-RBD-PRL

IN THE MATTER OF
INTERATLANTIC FISH SLU, ET AL.
V. HUBENER VERSICHERUNGS AG

**ORDER**

This cause comes before the Court on the Application for Order Pursuant to 28 U.S.C. § 1782 ("Application") filed by the United States of America (the "Government"). (Doc. 1). The Application stems from a Letter of Request issued from a pending civil lawsuit before a foreign court. (*Id.* at p. 1). Pursuant to 28 U.S.C. § 1782, the Government seeks an Order appointing United States Department of Justice Trial Attorney Krysta M. Stanford as Commissioner for the purpose of rendering assistance, as requested in the Letter of Request, and obtaining documents from Central Florida Freezer & Warehouses LLC ("Central Florida Freezer") located in Leesburg, Florida, and a non-party to the foreign proceeding. (*Id.* at pp. 1, 9, 12). Upon review, the Government's Application is due to be granted.

I. **BACKGROUND**

On August 1, 2025, the Government filed the instant Application. (Doc. 1). The Application stems from a Letter of Request issued by the First Instance Court No. 11 in Vigo, Spain ("Spanish Court") regarding the matter of *Interatlantic Fish SLU, et al. v. Hubener Versicherungs AG*, Foreign Reference Number 21/2024D (the "Lawsuit"). (*Id.*; Doc. 2 at pp. 1-2, 4-29). The Lawsuit is "a civil proceeding in which the Spanish Court is adjudicating a contract dispute, including claims of invoice falsification." (Doc. 1 at p. 4; *see* Doc. 2 at pp. 8-9). In the Letter of Request, the Spanish Court requests "documents in relation to the goods stored in [Central Florida Freezer's] facilities at the request of International Food Supply LLC and purchased by Interatlantica Fish SL prior to their loading and transportation on August 17, 2023, from [Central Florida Freezer] to Lineage Logistics." (Doc. 2 at p. 9; *see* Doc. 1 at p. 4). Specifically, the Spanish Court seeks the following documents from Central Florida Freezer: (1) "certificate[(s)] of quality of the goods (prior to loading)"; (2) "photographs at the time of loading"; (3) "temperature log of the freezing area where the goods were stored before transport"; (4) "maintenance contract [for] the freezing areas where the goods were stored before transport"; (5) "monitoring log of the loaded temperature"; and (6) "loading time certificate." (Doc. 2 at p. 9; *see id*. at pp. 31-32). Pursuant to 28 U.S.C. § 1782, the Government asks that Ms. Stanford be appointed as Commissioner for the purpose of rendering assistance to the Spanish Court in Spain and obtaining documents from Central Florida Freezer. (Doc. 1 at p. 1; Doc. 2 at pp. 1, 31).

## II.   LEGAL STANDARDS

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007) (recognizing that the legislative history of 28 U.S.C. § 1782 reveals that it was drafted to assist foreign tribunals in resolving foreign disputes, and Congress intended to "strengthen the power of the district courts to respond to requests for international assistance") (quoting *Lo Ka Chun v. Lo To*, 858 F.2d 1564, 1565 (11th Cir. 1988)); *see generally* 28 U.S.C. § 1782.[1]

A district court has the authority under § 1782 to grant an application for judicial assistance if the following statutory requirements are met:

> (1) [T]he request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or

---

[1] Relevant here, § 1782(a) provides the following:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

>international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*See In re Clerici*, 481 F.3d at 1331-32 (citing 28 U.S.C. § 1782(a)) (internal quotation marks omitted). If all four statutory requirements are satisfied, the district court may consider the following discretionary factors to determine whether granting relief under § 1782 is warranted:

>(1) [W]hether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.

*See id*. at 1334 (citing *Intel Corp.*, 542 U.S. at 264-65) (internal quotation marks omitted); *see also Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1221 (11th Cir. 2019) (explaining that when evaluating § 1782 petitions, courts apply "two sets of factors—one statutory and one discretionary") (citing *In re Clerici*, 481 F.3d at 1331-32, 1334).

### III.   DISCUSSION

Here, the Government has satisfied each of the statutory requirements set forth in § 1782(a). The request was made by the Spanish Court, which is a foreign or international tribunal (Doc. 2 at pp. 1-2, 4-29); the request seeks documentation that is needed to obtain information regarding the shipments of goods that are the subject of the underlying Lawsuit (*id*. at pp. 1-2, 8-9); the evidence sought is for use in an ongoing civil proceeding in the Spanish Court (*id*.); and the discovery is requested from Central Florida Freezer, which is located in this District (*id*. at pp. 1-2, 9).

The discretionary factors weigh in favor of granting the Government's request. First, Central Florida Freezer is not a participant in the foreign proceeding before the Spanish Court. *See In re del Valle Ruiz*, 939 F.3d 520, 534 (2d Cir. 2019) (finding that the first discretionary factor weighed in favor of granting assistance because the person from whom discovery was sought was "not a party to any of the foreign proceedings"); *Intel Corp.*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Second, the proceeding is a civil action before the Spanish Court, and that court has requested the assistance, indicating that it would be receptive to this Court's assistance. *See In re Clerici*, 481 F.3d at 1335 (finding that the second and third discretionary factors weighed in favor of granting assistance because the foreign tribunal was the Panamanian Court and the Panamanian Court itself issued the request). Third, there is no indication that the request attempts to circumvent restrictions in Spain or the United States. Fourth, there is no indication that the request is unduly intrusive or burdensome, as the request seeks six specifically identified documents relating to goods held by Central Florida Freezer until their transportation on August 17, 2023.

Because the statutory requirements have been satisfied and the discretionary factors weigh in favor of granting the request for assistance, the Court will exercise its discretion and grant the Application.

- 6 -

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Application for Order Pursuant to 28 U.S.C. § 1782 (Doc. 1) is **GRANTED**.

(2) United States Department of Justice Trial Attorney Krysta M. Stanford is **APPOINTED** as a Commissioner for the purpose of rendering assistance as requested in the Letter of Request. The Commissioner may administer such oaths, take such testimony or statements, issue such subpoenas, and take such other actions as are necessary to obtain the evidence requested in the Letter of Request.

**DONE** and **ORDERED** in Ocala, Florida on August 15, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties